**Parker McCay P.A.**
Three Greentree Centre
7001 Lincoln Drive West
P.O. Box 974
Marlton, NJ 08053-0974

P: 856-596-8900
F: 856-596-9631
www.parkermccay.com

**Stephen M. Bacigalupo, II, Esquire**
P: 856-985-4051
F: 856-810-5852
sbacigalupo@parkermccay.com

ATTORNEYS AT LAW

April 19, 2010

File No. 01263-0004

Clerk of Court
United States District Court for the
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Room 2020
Trenton, New Jersey 08608

   Re: **A.P. v. Northern Burlington County Regional Board of Education**
      **Civil Action No.:** **1:09-cv-05811 (JHR)**

Dear Clerk of Court:

Please accept this letter memorandum in lieu of a more formal brief in further support of defendant's "Motion to Dismiss Plaintiffs' Complaint Pursuant to F.R.Civ.P. 12(b)(6)" and in opposition to plaintiffs' "Cross-Motion for Summary Judgment."

At the outset, it is important to note that plaintiffs do not and simply are unable to cite to any case law where the parents of a disabled child were considered the "prevailing party" merely because they obtained a single learning evaluation. See Plaintiffs' Brief. With that fact in mind, it is also important to note that plaintiffs do not contend that the "legal relationship between . . . [themselves] and the defendant'" School District changed as a result of the District agreeing to an independent learning evaluation. J.O. v. Orange Twp. Bd. of Educ., 287 F. 3d 267, 271 (3rd Cir. 2002) quoting Texas Teachers Ass'n v. Garland Sch. Dist., 489 U.S. 782, 792, 109 S. Ct. 1486, 103 L.Ed.2d 866 (1989). Accordingly, defendant, Northern Burlington County Regional

Board of Education, respectfully asserts that the mere fact that it agreed to a single independent learning evaluation is not sufficient "relief" as plaintiffs did not prevail "in some way on *the substantive merits* of its claim." J.C. v. Mendham Twp. Bd. of Educ., 29 F. Supp. 2d 214, 219 (D.N.J. 1998) relying on Farrar v. Hobby, 506 U.S. 103, 111, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992). (emphasis added).

Nevertheless, plaintiffs contend that they are the "prevailing party" because the "relief" obtained was neither interim nor *de minimus*. See Plaintiffs' Brief, 23-27. Interestingly, plaintiffs contend that a single independent learning evaluation was/is not *de minimus* because it "allow[s] the IEP team to make two critical determinations – whether the child continues to be eligible for special education and related services and if so, to 'determine the educational needs of the child.'" Plaintiffs' Brief, 23 quoting 34 C.F.R. § 300.305(a)(2)(i)(A). In other words, plaintiffs acknowledge that an independent learning evaluation is not the *final* relief, but an *interim* form of relief to be used by a Child Study Team in determining future decisions on behalf of the child.

Furthermore, despite plaintiffs' arguments to the contrary, the "relief" obtained *was* interim in nature. As previously set forth in defendant's original moving papers, plaintiffs would not be entitled to attorneys' fees merely because a *"Pre-Hearing* Order" was entered into whereby they obtained "relief" in the form of a single independent learning evaluation. See Exhibit J. The fact that the document itself, is labeled a *"Pre-Hearing* Order," further supports defendant's assertion that such relief was purely *interim* in nature. Moreover, while opposing counsel's silence is deafening, it cannot be ignored that once counsel obtained the independent learning evaluation, additional/new relief was sought. See Exhibit M. This sequence of events leads to but one (1) conclusion: opposing counsel also believed that the subject evaluation was

*interim* relief and that the "*Pre-Hearing* Order" was an "agreement [that] merely . . . [set] forth the next procedural step in . . . plaintiffs' pursuit of . . . [A.P.'s] legal rights." Salley v. Trenton Bd. of Educ., 156 Fed. Appx. 470, 471 (3rd Cir. 2005)(holding parties agreement to conduct an evaluation planning meeting did not entitle plaintiff to attorneys' fees). See also Defendant's Statement of Uncontested Facts, ¶¶22 and 23. Therefore, the fact that defendant, Northern Burlington County Regional Board of Education, agreed to conduct an independent learning evaluation, by way of a "*Pre-Hearing* Order," does not in any way render plaintiffs the "prevailing party."

Finally, defendant respectfully asserts that plaintiffs are not the "prevailing party" and entitled to fees simply because the subject "*Pre-Hearing* Order" "mandate[d] compliance with [the] IDEA." Plaintiffs' Brief, 26. See Exhibit J. Plaintiffs acknowledge that an "order that does nothing more than mandate compliance with [the] IDEA does *not* materially alter the legal relationship between the parties." Id. (emphasis added). Plaintiffs also acknowledge that a parent has the right to obtain an independent evaluation. See Plaintiffs' Brief, 24-25 relying on 34 C.F.R. § 300.502(b)(1)-(2); N.J.A.C. 6A:14-2.5(c). In the present matter, the subject "*Pre-Hearing* Order" noted defendant's agreement to conduct an independent learning evaluation; in other words, said "*Pre-Hearing* Order" merely memorialized defendant's compliance with the IDEA. As such, plaintiffs would agree, by their own argument, that they are not entitled to fees as they are not the "prevailing party."


ATTORNEYS AT LAW

## CONCLUSION

Based upon the foregoing facts and authorities, it is respectfully requested that the Court grant defendant's "Motion to Dismiss Plaintiffs' Complaint Pursuant to F.R.Civ.P. 12(b)(6)" and deny plaintiffs' "Cross-Motion for Summary Judgment."

                        Respectfully submitted,

                        **PARKER McCAY P.A.**

                        s/ Stephen M. Bacigalupo, II

CC:    Clerk of Court (*via* ECF)
         Ira M. Fingles, Esq. (*via* ECF)