NOT FOR PUBLICATION
## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| A.P., a minor | : | The Hon. Joseph H. Rodriguez |
| by and through her parents and next | | |
| friends, T.P. and L.P., | | |
| Plaintiffs, | : | Civil Action No. 09-5811 |
| | | |
| v. | : | **ORDER & OPINION** |
| | : | |
| Northern Burlington County Regional | | |
| Board of Education, | | |
| Defendant. | : | |

_____

**RODRIGUEZ, J.**

Presently before the Court is Defendant's motion to dismiss [Dkt. Entry No. 2] and Plaintiff's cross-motion for summary judgment [Dkt. Entry No. 4]. Plaintiff, A.P., by way of her parents, T.P. and L.P. (collectively, "Plaintiffs"), brought this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., seeking to recover attorneys' fees and related costs as the prevailing party in an administrative proceeding. [Dkt. Entry No. 1.] Defendant, Northern Burlington County Regional Board of Education, ("Defendant") filed a motion to dismiss [2] pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff cannot be considered a prevailing party under the IDEA because the relief achieved pursuant to the parties' September 26, 2008 Settlement Agreement, merely constitutes interim or *de minimis* relief. In response, Plaintiff filed a cross motion for partial summary judgment [4] arguing that the independent evaluation secured pursuant to that settlement agreement constitutes a sufficient material alteration in the legal relationship between the parties and Plaintiffs are accordingly  entitled to attorneys' fees under the statute. The Court has considered

the written submissions of the parties and heard oral argument on the motions on July 6, 2010. For the reasons expressed on the record that day, as well as those set forth below, Plaintiffs qualify as prevailing parties for the purposes of attorneys' fees. Defendant's motion to dismiss [2] is converted to a motion for summary judgment and is <u>DENIED</u> and Plaintiff's cross-motion for partial summary judgment [4] is <u>GRANTED</u>.

## I.   BACKGROUND

As an initial matter, Defendant's Motion to Dismiss is supported by fifteen exhibits as well as a Rule 56.1 Statement of Uncontested Facts. When considering a motion to dismiss the court generally may not consider matters extraneous to the pleadings. <u>Chester County Intermediate Unit v. Pa. Blue Shield</u>, 896 F.2d 808, 812 (3d Cir. 1990) (only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.). However, a court may consider the additional materials and convert the motion to dismiss to a motion for summary judgment at its discretion. <u>See</u> Fed.R.Civ.P. 12(d). Accordingly, the defendant's motion to dismiss will be treated as one for summary judgment.

A.P. was diagnosed with dyslexia, delays in social development and executive functioning skills, and other related disabilities; accordingly, the District determined that A.P. was eligible for special education and related services pursuant to the IDEA. However, Plaintiffs were dissatisfied with the District's proposed 2007-2008 "Individualized Education Program" ("IEP") for A.P. The 2006-2007 IEP established for A.P. provided that she would receive an extended school year program consisting of small group instruction utilizing the "Wilson reading method." However, the 2007-

2

2008 IEP provided for the "Read 180" program instead of the Wilson program. Plaintiffs, dissatisfied with the "Read 180" filed a petition for a due process hearing on July 2, 2007. An unsuccessful mediation took place on August 23, 2007, and the matter was transferred to the New Jersey Office of Administrative Law for a hearing.

On August 29, 2007, Plaintiffs filed an "Application for Emergent Relief" and requested a "stay-put."[1] On September 12, 2007, the parties appeared before the Administrative Law Judge for an emergent relief hearing, but that hearing was converted into a settlement conference. During the conference the parties entered into an agreement under which the parties agreed to continue the use of the Wilson program in conjunction with the "Read 180" program, pending the outcome of a re-evaluation of A.P. by the District.

On or about November 7, 2007, Defendant's Child Study Team conducted a re-evaluation of A.P. Based on that re-evaluation, the District determined that there was "no significant discrepancy between [A.P.'s] cognitive ability and her current academic achievement" and that A.P. would continue the "Read 180" program as a regular education student. On or about November 26, 2007, Plaintiffs filed a second Petition for a Due Process Hearing alleging that they disagreed with the results of the District's re-evaluation. In the petition they stated that they had requested an independent evaluation of A.P., which the District had not responded to. The parents requested (1) a

---

[1] The IDEA contains a "stay-put" provision, providing, " . . . during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed." 20 U.S.C.A. § 1415(j).

"stay put" pending resolution of the matter; (2) independent evaluations; (3) costs expended in ensuring that A.P. received an appropriate eduation; (4) attorneys' fees and other costs of litigation; and (5) other relief as is necessary and proper.

Defendant alleges that on Feb. 5, 2008 that petition was verbally withdrawn. Plaintiffs dispute that point. Regardless, on or about April 18, 2008 the same petition was re-filed. Parties engaged in another unsuccessful mediation, and again, the matter was transmitted to the New Jersey Office of Administrative Law. On or about July 23, 2008 the parties appeared before another Administrative Law Judge for a pre-hearing conference. At that conference the parties agreed to conduct additional evaluations prior to the hearing date.[2] The terms agreed to by parties are contained in a handwritten document, which was affixed to an interim order, which was signed by the Administrative Law Judge. (Pl.'s Ex. D.)

On September 26, 2008, the parties appeared again before the Administrative Law Judge, and entered into settlement agreement. This is the agreement that is the focus of the motions before this Court. It was at this point that the District agreed to fund an independent learning evaluation of A.P. That agreed upon provision was incorporated into the July 23, 2008 agreement, the entire Pre-hearing Order was appended to a formal Order that was signed by the Administrative Law Judge directing the parties' compliance. This agreement and Order are the focus of the plaintiffs'

---

[2] The terms specifically agreed to by the parties provided that the District's school psychologist was to re-evaluate A.P.; a psychiatric evaluation would be performed by a psychiatrist selected by the District; and the District's learning specialist would be permitted to conduct a limited assessment consisting of an observation of A.P., a review of her records, and if needed, an individualized reading assessment.

request for attorneys' fees.

The independent evaluation of A.P. was subsequently conducted by an evaluator chosen by the parents.  Plaintiffs seek recovery of the fees expended in connection with their efforts to secure the independent evaluation of A.P.  Plaintiffs contend that these efforts include their request for a due process hearing on November 26, 2007, the filing of a second request for a due process hearing, and the entry of the Administrative Law Judge's Order of September 26, 2008 requiring the District to provide an independent evaluation of A.P.  Plaintiffs filed a Complaint in this Court seeking attorneys' fees and costs pursuant to the fee shifting provision of the IDEA only in connection with those proceedings.  In lieu of an answer, the defendant filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6).  Plaintiffs filed a cross-motion for partial summary judgment pursuant to Fed.R.Civ.P. 56.

## II.   STANDARD OF REVIEW

As explained, the Court will treat both parties' motions as motions for summary judgment. "Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law."  Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (c).  Thus, this Court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Andersen, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322.

In deciding the merits of a party's motion for summary judgment, the court's role

6

is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).  Credibility determinations are the province of the factfinder.  <u>Big Apple BMW, Inc. v. BMW of N. Am., Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992).

## III.   ANALYSIS

Attorneys' fees may be awarded under the IDEA to the parents of a child who is a prevailing party.  20 U.S.C.A. § 1415 (i)(3)(B).  The statute specifically provides:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
> (I) to a prevailing party who is the parent of a child with a disability.

<u>Id.</u>  To qualify as a prevailing party, a plaintiff must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  <u>John T. v. Del. County Intermediate Unit</u>, 318 F.3d 545, 555 (3d Cir. 2003) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)).  The "touchstone" of the inquiry is "the material alteration of the legal relationship of the parties." <u>Id.</u> (quoting <u>Texas State Teachers Ass'n v. Garland Independent Sch. Dist.</u>, 489 U.S. 782, 792-93, (1989)).

The Third Circuit Court of Appeals applies a two-part test to determine eligibility of prevailing party status, which is consistent with the guideline as articulated by the <u>Hensley</u> Court.  The first prong of this two-part test asks whether the parents achieved relief on any of their claims.  <u>Wheeler by Wheeler v. Towanda Area Sch. Dist.</u>, 950 F.2d 128, 131 (3d Cir. 1991).  A liberal standard is applied to this prong, and a party need not achieve all of the relief requested, nor even ultimately win the case to be eligible for a fee award.  <u>J.O. ex rel. C.O. v. Orange Tp. Bd. of Educ.</u>, 287 F.3d 267, 271 (3d Cir. 2002).  As

long as the plaintiff achieves some of the benefit sought initially, he can be considered a prevailing party.  Id.  The second prong examines the causal connection between the litigation and the relief achieved.   Plaintiffs must show that litigation was a material contributing factor in bringing about the events that resulted in obtaining the desired relief.  Wheeler, 950 F2d. at 132.

The question presented here is whether the settlement agreement of September 26, 2008 constitutes relief, and if so, whether the relief materially altered the legal relationship between these parties in a way that directly benefitted A.P.'s parents. Defendant argues that the fact that it agreed to conduct an independent educational evaluation of A.P. does not constitute sufficient benefit to the plaintiffs sufficient to merit prevailing party status.  Defendant asserts that the September 26, 2008 agreement memorialized in the signed Order should be regarded by the Court merely as interim or *de minimus* relief that does not warrant an award of attorneys' fees.   The defendant contends that the agreement to conduct the evaluation set forth the next procedural step in plaintiffs' pursuit of A.P.'s legal rights, a reality highlighted by the fact that plaintiffs sought further relief after the agreement was made. See Salley v. Trenton Bd. of Educ., 156 Fed. Appx. 470, 471 (3d Cir. 2005) (holding parties' agreement to conduct an evaluation planning meeting did not entitle plaintiff to attorneys' fees because it "merely [set] forth the next procedural step in Salley's pursuit of his legal rights").  At oral argument the defendant highlighted that A.P. was entitled to the independent evaluation under the New Jersey Administrative Code, NJAC 6A:14-2.5 (c)

(2)[3] and by agreeing to pay for that evaluation, the District was merely complying with its administrative obligations.  Defendant submits that Plaintiffs are not prevailing parties simply because the agreement and attached Order mandated compliance with the IDEA and the Administrative Code.

Plaintiffs on the other hand argue that they achieved relief through the administrative proceedings sufficient to satisfy both prongs of the Wheeler test.  Plaintiff contends that due to the settlement negotiations and the subsequent entry of the Administrative Law Judge's Order, the legal relationship between the parties was altered and the Defendant was accordingly obligated to provide an independent evaluation of A.P.  Before litigation the record reflects an unwillingness by the District to provide an independent evaluation of A.P.  The record reveals that the District received several requests for an independent evaluation by A.P.'s parents which went unanswered, and that the District refused to provide such an evaluation during the prior settlement discussions held on July 23, 2007.  It appears that Plaintiffs fought hard to enforce the District's compliance with the provisions of the Administrative Code and the IDEA, which entitle them to the relief ultimately achieved pursuant to the parties eventual settlement agreement.

Judicial imprimatur is another threshold requirement that plaintiffs must satisfy in order to qualify for prevailing party status.  In Buckhannon Bd. & Care Home, Inc. v.

---

[3] That provision of the Administrative Code precisely states, "A parent may request an independent evaluation if there is disagreement with any assessment conducted as part of an initial evaluation or a reevaluation provided by a district board of education. . . . Such independent evaluation(s) shall be provided at no cost to the parent unless the school district initiates a due process hearing to show that its evaluation is appropriate and a final determination to that effect is made following the hearing." NJAC 6A:14-2.5(c)

West Virginia Dep't of Health & Human Res., 532 U.S. 598 (2001), the Supreme Court rejected the theory "that a plaintiff is a prevailing party if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Id. at 601.  There the Court explained that the "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." Buckhannon announced four elements that must be present in order to award attorneys' fees in cases of such voluntary agreements: 1) the Agreement must contain mandatory language; (2) the Agreement  must be entitled "Order"; (3) the Agreement must bear the judge's signature; and (4) the Agreement must be judicially enforceable. Id.

Here, all four of the Buckhannon elements are satisfied.  The parties agreement with respect to the independent evaluation of A.P. was incorporated into a handwritten "Pre-hearing Order," the court endorsed the parties' agreement which, was appended to a more formal "Order" signed by the Administrative Law Judge.  That formal order directed the parties compliance and indicated that it was a final order pursuant to the IDEA.  Therefore, despite the voluntary nature of the agreement, the plaintiffs may nevertheless qualify as prevailing parties.

Finally, the Court recognizes that the independent evaluation was not the ultimate overall relief sought by these plaintiffs.  However, the Court is persuaded that the cyclical nature of the IDEA process itself necessitates a more flexible understanding of what it means to "prevail" under this system.  The independent evaluation is a crucial aspect of the step-by-step process, and rights attach at that stage.  Unlike "stay-put" relief, an independent evaluation is discretionary.  Furthermore, as explained the

10

evidence here reveals that the District's refusal to provide the independent evaluation required the plaintiffs to enforce their right to the independent evaluation through costly litigation.  Accordingly, in this case, pursuit of the independent evaluation amounts to more than interim or *de minimis* relief and, Plaintiffs are entitled to prevailing party status here.

IV.   **CONCLUSION**

**IT IS** on this 15th day of July 2010 hereby ORDERED that the Defendant's motion to dismiss [Dkt Entry No. 2] is converted to a motion for summary judgment and is DENIED and Plaintiff's cross-motion for partial summary judgment [Dkt. Entry No. 4] is GRANTED.

/s/Joseph H. Rodriguez_____
HON. JOSEPH H. RODRIGUEZ,
United States District Judge